# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE | § | |
| COMMISSION | § | |
| | § | |
| V. | § | CASE NO. 4:12-CV-00505 |
| | § | (Judge Clark/Judge Mazzant) |
| THOMAS D. COLDICUTT, JR., et. al. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendants' Motion to Transfer Venue in the Interests of Justice under 28 U.S.C. § 1404(a) (Dkt. #17).  Having considered the relevant pleadings, the Court is of the opinion that Defendants' motion should be granted.

## BACKGROUND

In its Complaint, the Securities and Exchange Commission ("SEC") asserts that Defendants Thomas and Elizabeth Coldicutt "orchestrated and controlled a scheme to create, register, and sell public shell companies while concealing their involvement from the SEC and the investing public" (Dkt. #1 at 1).  The SEC contends that the Coldicutts directed the incorporation of fifteen (15) purported mining companies primarily in Southern California where they live and work, as well as in Oregon, Arizona, Idaho, and the United Kingdom, with no intention that these companies ever engage in any actual mining.  The SEC argues that the Coldicutts provided funding to capitalize and take the companies public, provided funding for investors to purchase shares in registered offerings, and ultimately sold these companies for a profit of nearly $5,000,000.  The remaining Defendants, Linda Farrell, Christopher Greenwood, Robert Weaver, and Susana Gomez are alleged to have contributed to the fraudulent scheme.

1

On October 19, 2012, Defendants filed their motion to transfer venue under 28 U.S.C. § 1404(a) (Dkt. #17). The SEC filed its response on November 1, 2012 (Dkt. #19). On November 12, 2012, Defendants filed their reply (Dkt. #21). Defendants also filed their objections to SEC Declarations in Opposition to Motion for Change of Venue (Dkt. #22). On November 14, 2012, the SEC filed its sur-reply (Dkt. #24), as well as its Reponses to Defendants' Evidentiary Objections (Dkt. #25).

## LEGAL STANDARD

A district court may transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice...to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an "'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

The threshold inquiry when determining eligibility for transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed," or whether all parties have consented to a particular jurisdiction. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("Volkswagen I"). Once that threshold inquiry is met, the Fifth Circuit has held that "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private interest factors include (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4)

all other practical problems that make trial of a case easy, expeditious and inexpensive. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("Volkswagen II"). The public interest factors include (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id*. These factors are not exhaustive or exclusive, and no single factor is dispositive. *Id*.

The party seeking transfer of venue must show good cause for the transfer. *Volkswagen II*, 545 F.3d at 315. The moving party must show that the transferee venue is "clearly more convenient" than the transferor venue. *Volkswagen II*, 545 F.3d at 315. The plaintiff's choice of venue is not a factor in this analysis, but rather contributes to the defendant's burden to show good cause for the transfer. *Volkswagen II*, 545 F.3d at 315 n.10 ("[W]hile a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute, § 1404(a) tempers the effects of the exercise of this privilege."). However, "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id*. at 315.

## ANALYSIS

As a preliminary matter, both parties have included numerous objections to the evidence submitted by the opposing party. The SEC objects to portions of the declarations of Elizabeth Coldicutt, Susana Gomez, John Courtade, and Thomas Coldicutt (*See* Dkts. #19 and #24). Defendants object to portions of the declaration of Jessica Magee, as well as exhibits 1, 3, 4, 5, and 6 attached thereto (*See* Dkts. #22-1 and #25). Defendants also object to portions of the declaration of Jason Bogutski. *Id*.

"The Supreme Court has noted that § 1404(a) is intended to place discretion in the district court to adjudicate motions to transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Z-Tel Commc'ns, Inc. v. SBC Commc'ns, Inc.,* 331 F. Supp. 2d 567, 570-71 (E.D. Tex. 2004) (quoting *Stewart*, 487 U.S. 22, 29). The party moving for the transfer bears the burden of demonstrating why the forum should be changed. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966). "[B]efore this Court can order a [convenience] transfer, the defendants must carry a strong burden to prove that [the convenience] factors clearly favor such a change." *In re Triton*, 70 F. Supp. 2d 678, 688 (E.D. Tex. 1999); *Z-Tel Commc'ns*, 331 F. Supp. 2d at 571. "Defendants seeking a transfer cannot carry their burden by merely making unsupported assertions, but rather they must properly establish relevant venue facts by affidavit, deposition or otherwise." *In re Triton*, 70 F. Supp. 2d at 688 (citing *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756-57 (3d Cir. 1973) (vacating district court's convenience transfer that was based not on supported evidence but only on "facts and conclusions asserted in defendants' motion")); *see also Job Haines Home for the Aged v. Young*, 936 F. Supp. 223, 228 (D.N.J. 1996) ("In reviewing the factors which weigh for or against [a convenience] transfer, this Court must look to facts which are a matter of record, not merely to assertions in the attorneys' briefs").

In this case, Defendants have satisfied their burden to support their assertions in favor of transfer by providing the Court with affidavits and other evidence. Further, the Court has reviewed the objections of both parties to the evidence submitted to the Court, and finds that the parties' objections lack merit. Therefore, the Court finds that all objections are **OVERRULED**.

The first question the Court must address when ruling on a motion to transfer venue under 28 U.S.C. § 1404(a) is whether the suit could have been filed originally in the destination

venue. *Volkswagen II*, 545 F.3d at 312. The parties do not dispute that this case could have been filed in either the Central District of California or the Eastern District of Texas. However, Defendants argue that the more convenient venue for this litigation is the Central District of California.

Next, the Court must review a number of private and public interest factors with regard to convenience on a motion to transfer venue. *Volkswagen II*, 545 F.3d at 315.

**A. Private Interest Factors**

*(1) The Relative Ease of Access to Sources of Proof*

Defendants assert that the only relevant documents of which they are aware that are located in the Eastern District of Texas are those transfer records for some, but not all, of the fifteen companies accused by the SEC (Dkt. #17 at 7). Defendants contend that the information contained in these records is of minimal importance and not subject to dispute by the parties. *Id*. Defendants argue that to the extent any relevant documents are located with Defendants, such records will be in the Rancho Mirage, California or San Diego, California areas, where the Defendants either work or reside. Rancho Mirage is in the Central District of California, and San Diego is in the Southern District of California. Defendants argue that with respect to the accused companies, the relevant records will be located where the principals of these companies work and reside. Eight of these principals are located in the Central District of California. *Id*.; *see* Courtade Declaration. Three are located in the Sourthern District of California, and the remaining principals are located in Oregon, Idaho, Washington State, and the United Kingdom. *Id*. at 7-8. Finally, Defendants contend that all other relevant documents can be easily accessed online and printed at any computer terminal. *Id*.

The SEC argues that the great majority of evidence is located in Fort Worth, Texas, in the Northern District of Texas (Dkt. #19 at 4). This evidence was gathered as a result of more than 80 investigative subpoenas issued to Defendants, the fifteen companies, the transfer agent used by Defendants called Signature Stock Transfer, Inc. ("SST"), banks, and other non-party witnesses. *Id.*; *see* Magee Declaration. The SEC asserts that other documents are located at SST's headquarters in Plano, Texas, and these documents include contracts, stock registers, stock transfer instructions, and correspondence. *Id.* at 5.

Both parties point out that "the location of documents is given little weight in determining proper venue unless the documents 'are so voluminous [that] their transport is a major undertaking.'" *Barnes & Noble Booksellers, Inc. v. DDR DB SA Ventures, LP*, No. SA05CA0002XR, 2005 WL 1279192, at *2 (W.D. Tex. May 5, 2005) (quoting *Gardipee v. Petroleum Helicopters, Inc.*, 49 F. Supp. 2d 925, 931 (E.D. Tex. 1999)). The parties both assert that a significant amount of the documents have already been scanned and can be produced electronically to the opposing party (Dkt. #17 at 7-8, Dkt. #19 at 5; Dkt. #21 at 5-6). *See Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1397 (S.D. Tex. 1992) ("documents can be produced and examined anywhere for discovery purposes"). It appears that there are a limited number of documents that may be available in the Central District of California, and there may be a limited number of documents located at SST's headquarters in the Eastern District of Texas. All other documents are capable of being produced electronically. Therefore, the Court finds that this factor is neutral as to transfer.

*(2) The Availability of Compulsory Process*

Defendants argue that there are only two possible witnesses subject to the subpoena power of the Court in the Eastern District of Texas (Dkt. #17 at 8). Defendants contend that

there is no reason to believe that these two investors will be called as witnesses. *Id*. In contrast, Defendants contend that there are approximately 125 investors that may be called as possible witnesses in the Central District of California. *Id*. In addition, Defendants argue that out of the fifteen companies the SEC has alleged are shams, five principals or officers are named as Defendants, principals of four of the remaining companies and an officer for the fifth, are within the subpoena power of the Central District of California. Defendants argue that these five witnesses are key witnesses and their testimony is relevant to whether the companies are shams. *Id*. at 9.

The SEC responds that Section 22(a) of the Securities Act and Section 27 of the Securities Exchange Act enables all parties in SEC litigation to issue subpoenas to compel the appearance at trial of witnesses located anywhere in the United States. *See* 15 U.S.C. § 77v(a); 15 U.S.C. § 78aa. The Court agrees and finds that this factor weighs against transfer to the Central District of California.

*(3) Cost of Attendance for Willing Witnesses*

Defendants contend that there are three kinds of witnesses that will be required to testify: investors, principals and officers of the companies alleged to be shams, and professionals whose services these companies used (Dkt. #17 at 9). Defendants have indicated that a significant number of these witnesses reside in the Central District of California, and there are more in Southern California within 100 miles of the Central District of California. *Id*. The remaining witnesses are scattered around the United States, or located in the United Kingdom and Tijuana, Mexico. *Id*.

The SEC argues that there are two investors located in the Eastern District of Texas who could be called to testify at a trial here (Dkt. #19 at 10). Further, the SEC asserts that SST is the

most significant witness in this case, aside from Defendants themselves. *Id*. at 6. The SEC contends that SST is willing to produce documents and testify in the Eastern District of Texas, since its headquarters are located in Plano, Texas. *Id*.

In *Volkswagen II*, the Fifth Circuit noted that "[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time in which these fact witnesses must be away from their regular employment." *Volkswagen II*, 545 F.3d at 317. The Fifth Circuit established the "100-mile" rule to determine the convenience of the transferee district to the witnesses and parties. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of the convenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204-05.

The Court agrees that a trial in the Eastern District of Texas would severely impede Defendants' efforts to call witnesses on their behalf. Defendants seek to call investors located in the Central District of California, the principals and officers who reside in the Central District of California, and other professionals involved in the organization of these companies. The Court agrees that the testimony of these witnesses, particularly those of the principals and officers of the companies, is necessary to the presentation of Defendants' case (and potentially that of the SEC as well). A majority of these witnesses are located in the Central District of California or in Southern California, within 100 miles of the Central District of California. Requiring these witnesses to travel to Sherman, Texas, for a trial would greatly increase the expense of testifying for these witnesses. The SEC asserts that SST is a material witness located in Plano, Texas, in the Eastern District of Texas. While this may be true, the Court finds that the presence of one

significant witness in the Eastern District of Texas does not outweigh the presence of more than ten material witnesses in the Central District of California. The Court finds that this factor weighs heavily in favor of transfer.

*(4) All Other Practical Problems*

Defendants assert that Defendant Susana Gomez will face a substantial financial burden if forced to attend trial in the Eastern District of Texas. Susana Gomez is the sole proprietor of her housecleaning and catering business, and the primary caregiver for a special needs child. She asserts that a trial in the Eastern District of Texas will be a substantial burden for her, and will likely force her to close her business. The Court finds that this factor also weighs in favor of transfer.

The SEC argues that between one and four SEC attorneys will be required to travel to California for hearings and trial if venue is transferred, resulting in a significant cost and burden to the SEC (Dkt. #19 at 8-9). The SEC further argues that Defendants' lead counsel is located in Texas, which indicates that it would be more convenient for him to travel to the Eastern District of Texas for hearings and trial. *Id.*

The Fifth Circuit has held that it is reversible error for a district court to consider the convenience of counsel because this is not a factor mentioned in § 1404(a). *Volkswagen I*, 371 F.3d at 206; *In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5 th Cir. 2003) (finding the location of counsel "is irrelevant and improper for consideration in determining the question of transfer of venue"). Therefore, the Court will not consider the location of counsel in its transfer analysis.

## B. Public Interest Factors

*(1) The Administrative Difficulties Flowing From Court Congestion*

The SEC argues that this factor weighs in favor of retaining the case in the Eastern District of Texas because the Central District of California is "over four times more congested with newly filed and pending cases" (Dkt. #19 at 12).

Defendants contend that while the Central District of California has "five times as many cases as the Eastern District of Texas, it consistently moves the cases faster at every stage, presumably because it has a much larger number of judges but also possibly because of the nature of the dockets" (Dkt. #21 at 4).

According to the statistics provided by the SEC, the Central District of California has significantly more cases than the Eastern District of Texas and is able to resolve them faster at every stage of litigation. In the Eastern District of Texas the median time to trial is 26.1 months, whereas in the Central District of California the median time to trial is 20.1 months. While this Court is not convinced that a delay of six months is significant, the Court finds this factor weighs in favor of transfer.

*(2) The Local Interests in Having Localized Interests Decided at Home*

Defendants argue that this factor weighs in favor of transfer. Defendants Thomas and Elizabeth Coldicutt are accused of creating a scheme involving fifteen companies, and at all times relevant to the Complaint these Defendants lived and worked in the Central District of California. Eleven of the fifteen companies were based in Southern California, and 166 investors are located in Southern California. Defendants contend that there are only two investors located in the Eastern District of Texas.

The SEC argues that Defendants selected SST as the transfer agent, and SST served as an important hub of fraudulent activity in the Eastern District of Texas at its headquarters in Plano, Texas.

The Court is of the opinion that the Central District of California has a stronger interest in presiding over this controversy because Defendants reside in that District, a majority of the accused companies are based there, and a significant amount of investors also reside in or near that District. Therefore, the Court finds that this factor weighs in favor of transfer.

*(3) Familiarity of the Forum with the Governing Law*

This case concerns the application of federal securities law. Neither party suggests, nor is the Court aware of, any reason why this District or the Central District of California will be more familiar with this area of law. As such, this factor is neutral.

*(4) The Avoidance of Unnecessary Problems of Conflicts of Law*

The parties have not argued, and the Court is not aware of, any conflicts of law. Therefore, this factor is neutral.

**C. Conclusion**

After considering the factors above, the Court is of the opinion that Defendants have shown "good cause" that transfer to the Central District of California is "clearly more convenient" than the current venue. *Volkswagen II*, 545 F.3d at 315. A transfer would be more convenient for a substantial number of third-party witnesses and a large number of investors. In addition, a transfer would avoid imposing a substantial hardship on at least one Defendant. The Defendants are located in the transferee district as well as a significant number of the investors that were allegedly harmed. For the foregoing reasons, the Court finds that Defendants have shown that the transferee district is "clearly more convenient" and recommends that Defendants'

11

Motion to Transfer Venue in the Interests of Justice under 28 U.S.C. § 1404(a) (Dkt. #17) be granted.

## RECOMMENDATION

Based on the foregoing, the Court recommends Defendants' Motion to Transfer Venue in the Interests of Justice under 28 U.S.C. § 1404(a) (Dkt. #17) be GRANTED. The Court further recommends this case be transferred to the Central District of California.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 8th day of February, 2013.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE